## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,
IN ITS CAPACITY AS ADMINISTRATOR
OF THE SELF-INSURED EMPLOYER
SECURITY RISK POOL,
Commissioner Below, Petitioner

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)    No. 18-0394 (BOR Appeal No. 2052299)
                    (Claim No. 2013026140)

NANCY J. COST,
Claimant Below, Respondent

And

RG STEEL WHEELING, LLC,
Employer Below, Respondent

### MEMORANDUM DECISION

The West Virginia Office of Insurance Commissioner, in its capacity as administrator of the self-insured employer security risk pool, by Anna L. Faulkner, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Nancy J. Cost, by M. Jane Glauser, her attorney, filed a timely response.

The issue on appeal is whether Ms. Cost has met the 50% whole-body medical impairment threshold for consideration of a permanent total disability award. On January 13, 2017, the claims administrator denied the application for permanent total disability benefits. The Workers' Compensation Office of Judges reversed the claims administrator's decision in an Order dated October 17, 2017. The Office of Judges determined that Ms. Cost meets the whole-body medical impairment threshold and remanded the claim for further consideration on the merits as to whether Ms. Cost is permanently and totally disabled. This appeal arises from the Board of Review's Final Order dated March 28, 2018, in which the Board affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Cost was employed with Wheeling Pittsburgh Steel for approximately twenty-four years as a mill wright special worker. On October 3, 2001, she injured her back in a compensable injury claim. The claim was ruled compensable on October 19, 2001, for a lumbar sprain. On March 1, 2002, the Commission authorized a decompression of L4-L5 with an L5-S1 foraminotomy. By Order dated April 18, 2003, Ms. Cost was granted a 22% permanent partial disability award. On July 29, 2004, Ms. Cost underwent a second surgery which consisted of a L3-L4 decompression, L3-L4 foraminotomy with pedicle screw fixation. On April 29, 2005, secondary conditions of the lumbar area and spondylolisthesis were added as compensable components of the claim. On April 28, 2011, depression and anxiety were added as compensable components. By claims administrator Order dated February 25, 2011, mechanical complication hardware failure and failed fusion were added to the claim. The claims administrator granted an additional 4% permanent partial disability on October 19, 2011.

An independent medical evaluation was performed by Robert Gerbo, M.D., on September 26, 2011, in which he noted Ms. Cost's numerous medical issues. In his report, Dr. Gerbo diagnosed Ms. Cost with lumbar degenerative disc disease, lumbar radiculopathy, failed fusion, acquired spondylolisthesis, lumbar sprain/strain, hardware failure, and anxiety. Dr. Gerbo found 28% impairment due to work-related injuries.

On August 19, 2012, Ms. Cost filed an application for permanent total disability with information concerning her prior claims and awards, as well as her award of Social Security Disability benefits, which was granted on July 1, 2004. During her course of treatment, Ms. Cost has undergone seven authorized lumbar surgeries. She also has five fused levels in her lumbar spine.

A psychiatric independent medical evaluation report, dated September 15, 2012, was submitted by Bridgette Balasko, M.D., and Kari Law, M.D. Attached to the report was a psychological evaluation performed by Maria Mora, Ph.D. Following evaluation, it was determined that Ms. Cost has 13% psychiatric whole-person impairment. Ms. Cost was diagnosed with major depressive disorder and anxiety disorder. Ms. Cost was granted a 13% psychiatric permanent partial disability award on July 3, 2012.

Ms. Cost filed a claim for occupational lung disease on March 25, 2013. On February 18, 2014, the Occupational Pneumoconiosis Board issued a report finding that Ms. Cost has 15% pulmonary function impairment. The report noted that Ms. Cost has a history of dust hazard

2

exposure for approximately twenty-five years. The OP Board concluded that there was sufficient evidence to justify a diagnosis of occupational pneumoconiosis.

An independent medical evaluation report by Sushil Sethi, M.D., dated September 18, 2014, was submitted for consideration. Dr. Sethi determined that Ms. Cost has exhausted all of the available medical treatment and retired. Dr. Sethi found that Ms. Cost has a combined 26% whole-person impairment for the cervical and lumbar spine. He noted that Ms. Cost has undergone five procedures and found her neurological system to be normal. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed 1993), Dr. Sethi opined that Ms. Cost has 35% total whole-person impairment in her claim. It was his opinion that she is not permanently and totally disabled. Dr. Sethi found that Ms. Cost is capable of remunerative employment and is able to work.

On August 8, 2016, an Initial Recommendations report was submitted from the Permanent Total Disability Review Board. The Review Board found Dr. Sethi's report to be the most current and accurate assessment of Ms. Cost's whole body medical impairment for all of her occupational injuries. The Review Board found Dr. Balasko's report to be the most accurate assessment of her psychiatric impairment. The Review Board also accepted the findings and recommendations of the OP Board. The Review Board utilized the AMA *Guides* and found that Ms. Cost sustained a total of 46% whole-person impairment from all of her occupational injuries and diseases. Accordingly, the Review Board concluded that Ms. Cost did not suffer from at least 50% impairment on a whole-body basis and failed to meet the required level of whole-body medical impairment for further consideration for an award of permanent total disability.

On January 9, 2017, the Permanent Total Disability Review Board issued its Final Recommendation after considering the objections and responses from Ms. Cost. The Review Board again found that Ms. Cost failed to meet the required level of whole-body medical impairment for further consideration for a permanent total disability award. The Review Board recommended that the application for permanent total disability be denied.

On January 13, 2017, the claims administrator denied the application for permanent total disability. The claims administrator stated that it denied the application for not meeting the threshold for pursuing permanent total disability benefits based on the Final Recommendation from the Review Board dated January 1, 2017. Ms. Cost protested the claims administrator's decision.

A permanent total disability evaluation report by Bruce Guberman, M.D., dated May 4, 2017, concluded that Ms. Cost's low back symptoms did not improve with conservative treatment and multiple extensive surgical procedures. Ms. Cost was found to have no motion at all in her lumbar spine due to the fusion of the entire lumbar spine. She also had a fusion of her thoracic spine. Using the Range of Motion model of the AMA *Guides*, Dr. Guberman found 41% impairment of the whole-person for the lumbar spine and 10% impairment of the whole-person for the cervical spine. Dr. Guberman combined the values for a total of 47% impairment of the

3

whole-person for the spine injuries. Dr. Guberman then combined the spine impairment with the 15% whole-person impairment for occupational pneumoconiosis, the 13% impairment of the whole-person for psychiatric impairment, and 1% for the left hand injury. Dr. Guberman found that Ms. Cost has a total of 61% impairment of the whole-person. Dr. Guberman opined that Ms. Cost is permanently and totally disabled as a direct result of her compensable injuries.

The Office of Judges reversed the claims administrator's January 13, 2017, Order. The Office of Judges found that Ms. Cost meets the 50% threshold and remanded the claim for further determination on the issue of permanent total disability. The Office of Judges found that Dr. Sethi, in his reports, failed to cite categories of West Virginia Code of State Rules § 85-20 (2006) for the spine. The Office of Judges determined that Dr. Guberman's opinion, as the most recent report, was the most persuasive report of impairment. Based on his report, the Office of Judges concluded that Ms. Cost has at least 51% whole person impairment and met the whole-body medical impairment threshold for further consideration of her application for permanent total disability benefits.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 28, 2018. After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

4